No. 93,665

In the Matter of VICTOR W. MILLER, *Respondent.*

112 P.3d 169

Opinion filed June 3, 2005.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Gregory A. Lee*, of Cooper & Lee, LLC, of Topeka, argued the cause for respondent, and *Victor W. Miller*, respondent, argued the cause pro se.

*Per Curiam:* This is an original, uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Victor W. Miller, an attorney licensed to practice law in the state of Kansas since September 1979. Miller's last registration address with the Clerk of the Appellate Courts of Kansas is in Topeka, Kansas.

The formal complaint filed and as subsequently amended by the Disciplinary Administrator alleged that Miller violated Kansas Rules of Professional Conduct (KRPC) 1.1 (2004 Kan. Ct. R. Annot. 342) (competence), KRPC 1.3 (2004 Kan. Ct. R. Annot. 354) (diligence), KRPC 1.4 (2004 Kan. Ct. R. Annot. 367) (communication), KRPC 3.2 (2004 Kan. Ct. R. Annot. 440) (expediting litigation), and KRPC 8.4(d) (2004 Kan. Ct. R. Annot. 485) (misconduct — by engaging in conduct prejudicial to the administration of justice).

Prior to the formal hearing, the Respondent stipulated that he violated KRPC 1.3, KRPC 1.4, and KRPC 3.2. At the conclusion of the formal hearing, Respondent admitted that he violated KRPC 1.1. Additionally, based upon the findings of fact resulting from the formal hearing, the hearing panel concluded that as a matter of law Respondent violated KRPC 8.4(d). The Respondent filed no exceptions to the panel's final hearing report.

The hearing panel made 28 separately numbered findings of fact, which are reproduced in narrative form as follows:

On May 25, 2000, Howard Moses, a friend of the Respondent from college, executed his Last Will and Testament. In the will, Mr. Moses named the Respondent as the Executor. On October 28, 2001, Mr. Moses died. He was survived by his mother, Lorena Moses. On November 13, 2001, the Respondent filed a Petition for Probate of Will on behalf of Mr. Moses' estate. On December 6, 2001, the district court issued an order admitting the will to probate and appointing the Respondent as Executor. On that same date, an Oath of Executor, signed by the Respondent, was filed with the district court and the court issued Letters Testamentary to the Respondent.

Although Respondent was to file an inventory of the estate by January 6, 2002, he failed to do so. On January 7, 2002, the clerk of the district court issued Respondent a Notice and Order for Inventory. After receiving the Notice and Order for Inventory, the Respondent failed to prepare and file an inventory.

Mr. Moses had a life insurance policy of which his mother, Ms. Moses, was the sole beneficiary. After Mr. Moses' death and sometime during the winter of 2001-2002, Ms. Moses executed a claim form related to the insurance policy. Respondent agreed to forward the claim form to the insurance company on Ms. Moses' behalf. Respondent failed to do so. After hearing nothing from Respondent, Ms. Moses received a second notice from the insurance company. Ms. Moses telephoned Respondent. Respondent directed Ms. Moses to complete a second claim form and Respondent again promised to forward the claim form to the insurance company on behalf of Ms. Moses. For the second time, the Respondent failed to forward the claim form as agreed. It is not clear when Ms. Moses finally was paid the life insurance proceeds; however, she had not received the proceeds from the policy by October 25, 2002, a year following Mr. Moses' death.

Respondent failed to respond to requests for information from Ms. Moses. Additionally, Respondent failed to perform work necessary to administer the estate. Because Respondent failed to provide Ms. Moses with answers to basic questions, in October 2002, Ms. Moses retained attorney Craig R. McKinney to assist with her son's estate.

On October 25, 2002, McKinney wrote to the Respondent, detailing Ms. Moses' questions. Respondent failed to respond to McKinney's letter. Because Respondent failed to respond to McKinney's letter, on November 12, 2002, McKinney entered his appearance on behalf of Ms. Moses in the Moses Estate. At the same time, McKinney filed a Petition for Inventory and Accounting.

On December 1, 2002, the clerk of the district court issued a notice to the Respondent informing him that the final settlement was due. After the Respondent received the notice from the clerk of the district court, Respondent took no action toward completing the final settlement of the estate.

The court held a hearing on McKinney's Petition for Inventory and Accounting on December 5, 2002. Respondent failed to appear at the hearing. The court granted the petition and ordered the Respondent to file an Inventory and Accounting forthwith. Despite the court's order to file the Inventory and Accounting forthwith, Respondent took no action.

On January 27, 2003, Ms. Moses filed a petition requesting that Respondent pay the attorney fees associated with her petition for Inventory and Accounting. The court held a hearing on the petition for attorney fees on February 24, 2003. Respondent failed to appear at the hearing. The court granted the petition and ordered Respondent to pay $1,031.25 in attorney fees. It was some time later before Respondent paid the attorney fees.

On April 9, 2003, McKinney filed a complaint with the office of the Disciplinary Administrator regarding Respondent's handling of Mr. Moses' estate. Despite the filing of the complaint, Respondent took no steps to complete work necessary to administer the estate.

On June 18, 2003, having heard nothing from the Respondent, the court issued an Order to Appear and Show Cause which, in pertinent part, provided:

"It, having been made to appear to this Court, from the official records in this case, that you have failed to comply with the requirements of the law of this State and of the orders of this Court, it is hereby ordered, as follows:

"[The Respondent] is ordered to appear in person before this court on the 16[th] day of July[,] 2003, at 2:00 p.m., and at that time show cause why the court

should not impose monetary penalties, remove any appointed person from his/her position of authority or take such other remedial action as may be warranted for the aforementioned noncompliance with the law.

"FAILURE TO APPEAR IN RESPONSE TO THIS ORDER MAY RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST."

On July 3, 2003, Ms. Moses filed a second petition for attorney fees. The court scheduled a hearing on Ms. Moses' second petition for August 18, 2003.

On July 16, 2003, Respondent appeared in court in response to the Order to Appear. At the hearing, the court ordered the Respondent to file the appropriate pleadings on or before July 25, 2003. Again, despite the court's order, the Respondent failed to file the appropriate pleadings.

During the summer of 2003, Gregory Lee, counsel for the Respondent in the instant disciplinary action, contacted Ruth E. Graham and asked her to assist the Respondent in handling the estate. While the scope of what was expected of Graham was not made clear to her, she testified that she did understand that the Respondent needed assistance in preparing and filing the Inventory and Accounting for the estate.

On August 18, 2003, the Respondent failed to appear at the hearing on Ms. Moses' second petition for attorney fees. However, Graham appeared on behalf of the Respondent. Following the hearing, the court granted Ms. Moses' second petition for attorney fees, ordered the Respondent to pay an additional $2,520.07, and again ordered the Respondent to prepare and file an Inventory and Accounting. Later, with the assistance of Graham, the Respondent paid all the attorney fees as ordered by the court.

Also on August 18, 2003, the court wrote to Graham and instructed her to take action to conclude the estate within 60 days. Graham proceeded to assist the Respondent with preparing and filing the Inventory and Accounting. With the assistance of Graham, the Respondent prepared and filed an Inventory and Valuation in Mr. Moses' estate case. The inventory was filed on August 20, 2003.

On September 3, 2003, Ms. Moses was contacted by an individual who lived adjacent to Mr. Moses' house. The neighbor in-

formed Ms. Moses that the contents of Mr. Moses' house were being removed. Ms. Moses immediately traveled to Mr. Moses' house; however, by the time she arrived, the contents of Mr. Moses' house had been removed. On September 8, 2003, Ms. Moses filed a petition for Access to Contents of Residence. The court scheduled a hearing on the petition for September 18, 2003. Again, while the Respondent failed to appear, Graham appeared on his behalf. Following the hearing, the court ordered the Respondent to allow Ms. Moses to have access to Mr. Moses' residence, the contents of the residence, and other personal property, wherever located. Additionally, the court ordered that the Respondent would not be permitted to have access to Mr. Moses' property unless he was accompanied by Ms. Moses. Finally, the court ordered that the Respondent pay in to the clerk of the district court the proceeds of Mr. Moses' estate. On October 9, 2003, Respondent transferred the assets of Mr. Moses' estate in his possession, a total of $6,587.37, to the clerk of the district court, as ordered.

Despite all of the proceedings held by the court, the Respondent still failed to complete the administration of the estate. On March 1, 2004, the clerk of the district court issued a second Notice of Final Settlement Due. The clerk again directed the Respondent to file a petition for Final Settlement within thirty days. The Respondent again failed to follow the clerk's directive.

On April 10, 2004, the clerk of the district court sent the Respondent a Notice of Delinquency. The Respondent did not comply with the Notice of Delinquency from the clerk's office.

On May 10, 2004, the clerk of the district court sent the Respondent a second delinquency notice. Again, the Respondent did not comply with the second notice of delinquency from the clerk's office.

On August 13, 2004, a petition for Final Settlement was filed in the estate case by Graham. Thereafter, on September 13, 2004, the court held a hearing on the petition. On that same date, the court granted the petition and entered a Journal Entry of Final Settlement. On September 29, 2004, the court entered a Journal Entry of Final Discharge in the estate, 7 days prior to the formal hearing in this case.

The hearing panel then concluded Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.2, and KRPC 8.4(d). The panel's conclusions are summarized as follows.

KRPC 1.1 requires attorneys to provide competent representation to their clients. At the conclusion of the formal hearing, Respondent admitted to violating KRPC 1.1. The hearing panel concluded Respondent violated KRPC 1.1 by failing to competently represent Mr. Moses' estate when he failed to timely prepare and file the Inventory and Accounting and when he failed to timely prepare and file the petition for Final Settlement.

KRPC 1.3 requires attorneys to act with reasonable diligence and promptness in representing their clients. Respondent stipulated to violating KRPC 1.3. The panel concluded Respondent violated KRPC 1.3 by failing to provide diligent representation to Mr. Moses' estate when he failed to timely prepare and file the Inventory and Accounting and when he failed to timely prepare and file the petition for Final Settlement.

KRPC 1.4 requires an attorney to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information. Respondent stipulated to violating KRPC 1.4. The panel concluded Respondent violated KRPC 1.4 when he failed to communicate with Ms. Moses regarding the status of her late son's estate.

KRPC 3.2 requires an attorney to make reasonable efforts to expedite litigation consistent with the interest of the client. Respondent stipulated to violating KRPC 3.2. The panel concluded Respondent violated KRPC 3.2 by failing to expedite the handling of Mr. Moses' estate.

KRPC 8.4(d) states it is professional misconduct for an attorney to engage in conduct that is prejudicial to the administration of justice. The panel concluded Respondent violated KRPC 8.4(d) and engaged in conduct prejudicial to the administration of justice when he (1) failed to comply with or even respond to the orders of the court, (2) failed to appear at scheduled hearings in Mr. Moses' estate case, and (3) failed to take any action to complete the estate for nearly 2 years.

Regarding its recommended discipline, the panel considered the following factors based on the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards), stating:

"*Duty Violated.* The Respondent violated his duty to his client to provide competent and diligent representation and adequate communication. The Respondent violated his duty to the legal system to see that justice is served.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Ms. Moses. The Respondent's misconduct caused Ms. Moses to not receive the life insurance benefits for approximately one year after the death of her son."

## The panel found the following aggravating factors:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. On March 5, 1990, the Disciplinary Administrator informally admonished the Respondent. [The panel noted the record is void of any information regarding the Respondent's misconduct that led to the first informal admonition.] Additionally, on December 8, 1992, the Disciplinary Administrator informally admonished the Respondent. The Respondent's second informal admonition was for violations of DR 1-102(A)(5), DR 1-102(A)(6), DR 6-101(A)(3), MRPC 1.1, MRPC 1.3, MRPC 1.4, MRPC 3.2, MRPC 8.4(d), and MRPC 8.4(g). [The panel noted the misconduct that gave rise to the second informal admonition occurred at times when the ethical rules in Kansas were known as the Code of Professional Responsibility (Disciplinary Rules) and then, later, as the Model Rules of Professional Conduct.]

"A Pattern of Misconduct. The Hearing Panel concludes that the Respondent engaged in a pattern of misconduct within this case. The Respondent repeatedly ignored letters from McKinney, notices from the Clerk of the District Court, and orders from the Court regarding his duty to administer Mr. Moses' estate. Because the Respondent repeatedly engaged in such behavior, the Hearing Panel concludes that the Respondent engaged in a pattern of misconduct.

"Vulnerability of the Victim. Ms. Moses was vulnerable to the Respondent's misconduct. Ms. Moses, while mourning the death of her son, was forced to retain an attorney in order to get her son's probate case completed. Because of the Respondent's misconduct, Ms. Moses did not receive life insurance benefits for approximately a year after her son's passing. Even with Ms. Moses' efforts and Ms. Moses' attorney's efforts and with the assistance of Graham, it still took nearly three years to complete the probate of a minimal asset case.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1979. At the time the Respondent engaged in the misconduct, the Respondent had been practicing law for more than twenty years. Accordingly, the Hearing Panel concludes that the Respondent

had substantial experience in the practice of law at the time he engaged in the misconduct."

## The hearing panel found the following mitigating factors:

"<u>Absence of a Dishonest or Selfish Motive</u>. Dishonesty and selfishness were not motivating factors in this case.

"<u>Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct</u>. It is clear to the Hearing Panel that the Respondent has a personal problem that contributed to his failure to either take the appropriate steps in Mr. Moses' estate or to have the successor executor appointed and hire an attorney for the estate. However, the crux of the Respondent's personal problem is unknown to the Hearing Panel. The Respondent failed to adequately specify why he was unable to complete the work or withdraw from the case.

"<u>Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney</u>. The Respondent is an active and productive member of the bar in Topeka, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation.

"<u>Imposition of Other Penalties or Sanctions</u>. The Court ordered that the Respondent pay McKinney's attorney fees on two separate occasions, for a total of $3,551.32. The Respondent paid the fees as ordered, after Graham became involved with the case.

"<u>Remorse</u>. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"<u>Remoteness of Prior Offenses</u>. The discipline imposed in 1990 and 1992 is remote in time to the misconduct in this case."

## The panel also considered the following Standards:
## Standard 4.43:

"Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

## Standard 6.23:

"Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

The panel unanimously recommended published censure.

We adopt the hearing panel's findings of fact and its conclusions of law. Further, we agree with the panel's recommended discipline of published censure.

IT IS THEREFORE ORDERED THAT Victor W. Miller be and he is hereby censured in accordance with Supreme Court Rule 203(a)(3) (2004 Kan. Ct. R. Annot. 237) for violations of KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.2, and KRPC 8.4(d).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the Respondent and that this order shall be published in the official Kansas Reports.

LOCKETT, J., Retired, assigned.